

**SO ORDERED.**
**SIGNED this 27th day of August, 2020**

_/s/ Suzanne H. Bauknight_
**Suzanne H. Bauknight**
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

STEVEN ROBERT STANDIFER
aka STEVE STANDIFER

        Debtor

Case No. 3:20-bk-30270-SHB
Chapter 7

CARL MATTHEW RICE

        Plaintiff

v.

STEVEN R. STANDIFER

        Defendant

Adv. Proc. No. 3:20-ap-3023-SHB

## MEMORANDUM AND ORDER ON DEFENDANT'S
## AMENDED PARTIAL MOTION TO DISMISS THE COMPLAINT

Plaintiff filed the Complaint commencing this adversary proceeding on June 2, 2020, asking the Court to deny Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2) and (4) or, in the alternative, to determine that a judgment entered in his favor against Defendant is nondischargeable under 11 U.S.C. § 523(a)(4) and/or (a)(6). [Doc. 1.] Before the Court is

Defendant's Amended Partial Motion to Dismiss the Complaint ("Motion to Dismiss"), which was filed along with a brief on July 7, 2020 [Docs. 9, 10[1]], seeking dismissal of the § 523 claims (Counts III and IV of the Complaint, respectively) for failure to state a claim upon which relief may be granted.  Plaintiff timely responded in opposition to the Motion to Dismiss in accordance with E.D. Tenn. LBR 7007-1(a). [Docs. 12, 13.]

## I. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6)[2] requires dismissal for "failure to state a claim upon which relief can be granted."  Under Federal Rule of Civil Procedure 8(a),[3] "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint need not contain "detailed factual allegations[; however,] a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 545.

> [Although] a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery

---

[1] Because Defendant's initial motion, filed on July 6, 2020 [Doc. 6], did not comply with E.D. Tenn. LBR 7007-1(c), he was directed to file an amended motion pursuant to a Rejected Order entered on July 7, 2020 [Doc. 8].

[2] Rule 12 is applicable in adversary proceedings under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

[3] Rule 8 is applicable in adversary proceedings under Rule 7008 of the Federal Rules of Bankruptcy Procedure.

> under a viable legal theory, [the] court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."

*Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57).

When deciding whether to dismiss under Rule 12(b)(6), the court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The Court also "'consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (alteration in original) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Here, as concerns Plaintiff's claims under § 523(a)(4) and (a)(6), the Complaint alleges that a $1,450,000.00 judgment awarded to Plaintiff on February 22, 2016, by the Jefferson County Circuit Court ("Judgment")[4] is nondischargeable because Defendant, Plaintiff's former employer, owed a fiduciary duty to his employees to carry workers compensation insurance and his failure to do so was not only a defalcation against Plaintiff but also a willful and malicious

---

[4] The state court case was styled *Carl Matthew Rice v. Cherokee Lumber & Dimension, LLC and Steve Standifer v. Covenant Health Corporation dba Morristown Hamblen Hospital*, No. 23,505-II.

injury to Plaintiff. [Doc. 1 at ¶¶ 17-29.]  Through the Motion to Dismiss, Defendant first argues that Counts III and IV of the Complaint should be dismissed because "the Plaintiff only asserted claims against the Defendant that arose out of negligence, and in the alternative workers compensation.  No claims were made alleging fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.  Similarly, no claims were made for willful or malicious injury." [Doc. 10 at pp. 4-5.]  In the alternative, Defendant argues that Counts III and IV should be dismissed because Plaintiff has not pleaded sufficient facts to support a determination that the Judgment is nondischargeable under either 11 U.S.C. § 523(a)(4) or (a)(6) as a matter of law. [Doc. 10 at pp. 5-9.]

## II. Collateral Estoppel

As applied in Tennessee, the doctrine of collateral estoppel (i.e., *issue* preclusion) "bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding . . . [so] that [such] determination is conclusive against the parties in subsequent proceedings." *Mullins v. State*, 294 S.W.3d 529, 534-35 (Tenn. 2009).  Collateral estoppel applies "to issues of law and to issues of fact." *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *see also Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App. 1963) ("[M]aterial facts or questions, which were in issue in a former action and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action *between the same parties*." (citation omitted)).  Although the Supreme Court has expressly explained that issue preclusion – or collateral estoppel – does apply in nondischargeability actions, *see Grogan v. Garner*, 498 U.S. 279, 284-85 (1991) ("If the preponderance standard also governs the question of nondischargeability, a bankruptcy court

could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action."), the same is not true of res judicata – or claim preclusion – which does not apply to dischargeability actions. *See Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981) ("[W]here the facts necessary for a dischargeability determination were not necessary to the determination in the prior judgment, the parties should not be bound or else the parties would always have to anticipate future bankruptcy proceedings and the state courts would be deciding facts not necessary to the state proceedings but only relevant to a possible future bankruptcy proceeding.").

> Although "[r]es judicata, at least in the Sixth Circuit, incorporates both issue and claim preclusion," *Wohleber v. Skurko (In re Wohleber)*, 596 B.R. 554, 566 n.11 (B.A.P. 6th Cir. 2019), "[t]he doctrine of collateral estoppel or issue preclusion is a narrower concept than claim preclusion: 'Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.' " *Indirect Purchaser Class v. Andrews (In re Andrews)*, No. 18-31345-dof, Adv. No. 18-3072-dof, 2019 WL 3361226, at *4 (Bankr. E.D. Mich. July 25, 2019) (quoting *Jennings v. Bodrick (In re Bodrick)*, 534 B.R. 738, 743 (Bankr. S.D. Ohio 2015)).

*Rooney v. Hood (In re Hood)*, No. 3:17-bk-33605-SHB, Adv. No. 3:18-ap-03008-SHB, 2019 WL 7580140, at *7 (Bankr. E.D. Tenn. Dec. 23, 2019).

Defendant confuses issue preclusion and claim preclusion. Defendant's argument that "[n]o claims were made alleging fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . [and] no claims were made for willful or malicious injury" [Doc. 10 at p. 5] is an argument for claim preclusion, which does not apply here. Because claim-preclusion collateral estoppel does not apply in this adversary proceeding, the Motion to Dismiss will be denied as it relates to collateral estoppel.

### III.  11 U.S.C. § 523(a)(4)

A determination of nondischargeability within the scope of § 523(a)(4) requires Plaintiff to show that the debt on which the Judgment is based was incurred by embezzlement, larceny, or fraud or defalcation while acting in a fiduciary capacity.  Plaintiff has alleged that Defendant owed a fiduciary duty to Plaintiff as an employee to carry workers' compensation insurance so that Defendant's failure to do so was a defalcation while acting in a fiduciary capacity. [Doc. 1 at ¶¶ 17-25.]

Such allegations may be the basis for a nondischargeable debt only if Plaintiff can prove "(1) a pre-existing fiduciary relationship; (2) a breach of that relationship; and (3) resulting loss." *Patel v. Shamrock Floorcovering Servs., Inc. (In re Patel)*, 565 F.3d 963, 968 (6th Cir. 2009); *see also Bd. of Trs. of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639 (6th Cir. 2007).  This prong "includes a culpable state of mind requirement akin to that which accompanies application of the other terms in the same statutory phrase[:] . . . one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013).

Because the Sixth Circuit has long refused to extend a fiduciary relationship "to constructive or implied trusts imposed by operation of law as a matter of equity," the failure to meet obligations under a common-law fiduciary relationship is not actionable under § 523(a)(4). *In re Bucci*, 493 F.3d at 639 (citing *Capitol Indem. Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.)*, 760 F.2d 121, 125 (6th Cir. 1985) and *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997)).  Instead, the relationship under § 523(a)(4) is found only in "those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *In re Garver*, 116 F.3d at 180.  Because

the defalcation provision does not apply to constructive or implied trusts, "[t]o establish the existence of an express or technical trust, a creditor must demonstrate: '(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary.'" *In re Bucci*, 493 F.3d at 640 (quoting *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391-92 (6th Cir. 2005)).

Although the existence of a fiduciary relationship is determined by federal law, federal "courts look to state law in ascertaining whether an express or technical trust has been created." *See id.* at 390-91. Tennessee requires its employers to maintain workers' compensation coverage, *see* Tenn. Code Ann. § 50-6-405(a), and the failure to comply with this statute is likewise addressed by statute:

> (b) If an employer fails to comply with § 50-6-405, then during the continuance of the failure, the employer shall be liable to an injured employee either for compensation as provided in this chapter to be recovered in an action brought in a court of competent jurisdiction for that purpose, or for damages to be recovered as if this chapter had not been enacted, as the employee may elect; and in the case suit for damages is brought instead of a suit to recover compensation under this chapter, the employer, when sued, shall not be allowed to set up as a defense to the action that the employee was negligent, or that the injury was caused by negligence of a fellow servant or fellow employee, or that the employee had assumed the risk of the injury.

Tenn. Code Ann. § 50-6-406(b). That this requirement is statutory, however, does not create any sort of express or technical trust under Tennessee law and, in fact, the Court's research failed to discover any support for finding that a fiduciary relationship or any sort of trust is created under either Tennessee Code Annotated §§ 50-6-405(a) or 50-6-406(b).

Plaintiff's Complaint does not allege the existence of a trust; instead, he "contends a fiduciary duty arose when another employee was injured without workers' compensation coverage." [Doc. 13 at p. 4.] Plaintiff's allegations in support of this contention, even if proved true, are not sufficient for the Court to determine that the Judgment is nondischargeable under §

523(a)(4) in the Sixth Circuit. Therefore, Count III does not withstand the Motion to Dismiss when examined in light of the elements of § 523(a)(4).

## IV.  11 U.S.C. § 523(a)(6)

To satisfy the statutory elements of § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity," Plaintiff must prove by a preponderance of the evidence "(1) the existence of "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury," *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), and (2) that Defendant either desired to cause injury or believed with substantial certainty that injury would occur. *See Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999) (citing Restatement (Second) of Torts § 8A, at 15 (Am. Law Inst. 1964)); *see also Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002). "Mere negligence is not sufficient to except a debt from discharge under § 523(a)(6)." *Cash Am. Fin. Servs. v. Fox (In re Fox)*, 370 B.R. 104, 119 (B.A.P. 6th Cir. 2007). Even recklessness is insufficient. *See In re Kokenge*, 279 B.R. at 543. "That a reasonable debtor 'should have known' that his conduct risked injury to others is simply insufficient. Instead, the debtor must 'will or desire harm, or believe injury is substantially certain to occur as a result of his behavior.'" *Id.* (quoting *In re Markowitz*, 190 F.3d at 465 n.10). "Lack of excuse or justification for the debtor's actions will not alone make a debt nondischargeable under § 523(a)(6)." *S. Atlanta Neurology & Pain Clinic, P.C. v. Lupo (In re Lupo)*, 353 B.R. 534, 550 (Bankr. N.D. Ohio 2006).

In *R & L Pricecorp LLC v. Hall (In re Hall)*, No. 11-35350, Adv. No. 12-3026, 2013 WL 1739658, at *3 (Bankr. E.D. Tenn. Apr. 23, 2013), this Court explained with specificity the requirements of § 523(a)(6):

> "Although the 'willful' and 'malicious' requirements will be found concurrently in most cases, the terms are distinct, and both requirements must be met under §

> 523(a)(6)." *Lupo,* 353 B.R. at 550. "An act will be deemed 'willful' only if it was undertaken with the actual intent to cause injury," *Fox,* 370 B.R. at 119, requiring the court to "'look into the debtor's mind subjectively' in order to determine whether the debtor intended to cause the consequences of his act or believed that the consequences were substantially certain to result from his act[.]" *Monsanto Co. v. Wood (In re Wood),* 309 B.R. 745, 753 (Bankr. W.D. Tenn. 2004). "The injury [caused] itself must be deliberate or intentional, not just a deliberate or intentional act that leads to injury." *Advantage Bank v. Starr (In re Starr),* No. 09-64079, Adv. No. 10-6006, 2012 WL 4714978, at *12 (Bankr. N.D. Ohio Oct. 2, 2012). On the other hand, "[a]n act is 'malicious' if it is undertaken 'in conscious disregard of one's duties or without just cause or excuse' . . . [and does] 'not require ill-will or specific intent to do harm.'" *Fox,* 370 B.R. at 119 (quoting *Wheeler v. Laundani,* 783 F.2d 610, 615 (6th Cir. 1986)); *see also Ewers v. Cottingham (In re Cottingham),* 473 B.R. 703, 709 (B.A.P. 6th Cir. 2012). "The conduct 'must be more culpable than that which is in reckless disregard of creditors' economic interests and expectancies, as distinguished from . . . legal rights. [K]nowledge that legal rights are being violated is insufficient to establish malice . . . .' " *Steier v. Best (In re Best),* 109 F. App'x 1, 6 (6th Cir. 2004) (quoting *First Fed. Bank v. Mulder (In re Mulder),* 306 B.R. 265, 270 (Bankr. N.D. Iowa 2004)). Maliciousness may be proved by a showing that "(1) the [defendant] has committed a wrongful act, (2) the [defendant] undertook the act intentionally, (3) the act necessarily causes injury, and (4) there is no just cause or excuse for the action." *Adamovic v. Lazarevic (In re Lazarevic),* No. 11-10585, Adv. No. 11-1048. 2012 WL 4483901, at *21 (Bankr. E.D. Tenn. Sept. 27, 2012) (quoting *JPMorgan Chase Bank, NA v. Algire (In re Algire),* 430 B.R. 817, 823 (Bankr. S.D. Ohio 2010)).

*In re Hall*, 2013 WL 1739658, at *3 (alterations in original). "Debts based on negligence are dischargeable. Debts based on willful and malicious conduct are not.'" *DeWitt v. Jacob (In re Jacob)*, 615 B.R. 259, 271 (Bankr. E.D. Wis. 2020) (quoting *Hynard v. Merkman* (*In re Merkman)*, 604 B.R. 122, 129 (Bankr. D. Conn. 2019)).

In Count IV, Plaintiff alleges that "Cherokee [Lumber & Dimension, LLC ("Cherokee")]'s business involved risks such that injuries to its employees were clearly foreseeable . . . [and Defendant's] intentional failure to provide the required workers' compensation insurance violated [Plaintiff's] statutory right to be protected." [Doc. 1 at ¶¶ 27-28.] Unquestionably, Defendant, as owner of Cherokee, was required by an express Tennessee statute to provide workers' compensation insurance to protect its employees in case they were

injured on the job, and any employee's remedy for failure to provide such insurance was likewise covered by statute. *See* Tenn. Code Ann. §§ 50-6-405(a), -406(b).  Nevertheless, to satisfy the standard required under § 523(a)(6), Plaintiff must prove that Defendant intended to cause Plaintiff's injury by failing to obtain workers' compensation insurance (i.e., that Defendant acted willfully) and that Defendant failed to obtain insurance in reckless disregard to Plaintiff, which resulted in Plaintiff's injury (i.e., that Defendant acted maliciously).  Critically, "foreseeability does not equate with substantial certainty." *Baker v. Wentland (In re Wentland)*, 410 B.R. 585, 601 (Bankr. N.D. Ohio 2009) (citing *Via Christi Reg'l Med. Ctr. v. Budig (In re Budig)*, 240 B.R. 397, 400 (D. Kan. 1999) (stating that the reasonably foreseeable standard is inconsistent with the Supreme Court's decision in *Geiger*)).  Although Defendant's failure was negligent and could be characterized as having been done in reckless disregard of Cherokee's employees, Plaintiff must prove *both* willfulness and maliciousness, and the allegations in the Complaint fall short in proving willfulness.

Plaintiff has not alleged that Defendant "had a motive to cause [Plaintiff] injury, acted with intent to injure [Plaintiff], or acted with the knowledge that [his] conduct would inflict injury" on Plaintiff. *Smith v. Burgos (In re Burgos)*, No. AP 15-1020-WHD, 2015 WL 9435398, at *3 (Bankr. N.D. Ga. Nov. 9, 2015).  Absent such allegations, Plaintiff has not sufficiently pleaded requisite elements of a claim under § 523(a)(6).

As argued by Plaintiff in his brief, a few courts in other jurisdictions have found the failure to obtain workers' compensation insurance falls within the scope of § 523(a)(6);[5]

---

[5] *See Kramer v. Lashley (In re Lashley)*, 2001 WL 1135626 (D. Neb. June 29, 2001); *Strauss v. Zielinski (In re Strauss)*, 99 B.R. 396 (N.D. Ill. 1989); *Matter of Ussery*, 179 B.R. 737 (Bankr. S.D. Ga. 1995); *Hilliard v. Peel (In re Peel)*, 166 B.R. 735 (Bankr. W.D. Okla. 1994); *Carter v. Verhelst (In re Verhelst)*, 170 B.R. 657 (Bankr. W.D. Ark. 1993); *Vig v. Erickson (In re Erickson)*, 89 B.R. 850 (Bankr. D. Idaho 1988). [Doc. 13 at p. 6-7.]  The Eleventh Circuit Court of Appeals, in *In re Walker*, acknowledged that a number of these cases stood for the view that an economic injury for the loss of the statutory right to workers' compensation insurance protection is a necessary and direct result of the employer's failure to obtain the coverage but declined to follow that line of reasoning and stated, instead, that

however, under the standard set by and recognized within the Sixth Circuit, the Court cannot find that the failure to provide workers' compensation insurance satisfies the requirements of § 523(a)(6), a finding that also is supported by persuasive case law. "Under the Sixth Circuit's definition for 'willful,' [Count IV] of [Plaintiff's] complaint must be dismissed. In order for [Defendant's] act to be willful, it must *necessarily* [have led] to [Plaintiff's] injury. A mere possibility of economic injury in the event of a work-related injury does not satisfy the test for 'willful.'" *Parker v. Grzywacz (In re Grzywacz)*, 182 B.R. 176, 178 (Bankr. E.D. Mich. 1995). Indeed, the Sixth Circuit cited with approval the First Circuit's rejection of the exact argument Plaintiff makes here. *In re Markowitz*, 190 F.3d at 465 n.10 (citing *Roumeliotis v. Popa (In re Popa)*, 140 F.3d 317, 318 (1st Cir. 1998) ("It is clear in the case before us that the failure of [the defendant] to obtain workmen's compensation insurance was an intentional act that caused injury, . . . but [the defendant's] failure to obtain insurance was not done . . . with the actual intent to cause injury.")); *see also Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1165 (11th Cir. 1995) ("Applying the rule [that a debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury] in this case, it is clear that [the plaintiff's] physical injury was not substantially certain to result from [the defendant's] failure to obtain workers' compensation insurance."); *LaBonte v. Hall (In re Hall)*, 194 B.R. 580, 582 (W.D. Mich. 1996) ("There is no claim here that the debtor willfully caused the personal injury, and the debtor's willful failure to buy worker's compensation insurance did not 'necessarily' cause injury to appellant."); *Bailey v. Reed (In re Reed)*, 587 B.R. 202, 210 (Bankr. D. Maine 2017) ("There is no evidence that [the

---

"[the plaintiff] has filed to cite, and we cannot locate, any persuasive or binding authority to convince us that statutorily required workers' compensation benefits are property, distinguishable from the rights of any other creditor against a debtor." 48 F.3d at 1165.

defendant] failed to secured workers' compensation coverage for [the plaintiff] with the specific intent or the substantial certainty that [the plaintiff] would sustain physical injuries while on the job and without insurance . . . , and there is no indication that the injuries were intended by [the plaintiff]. Therefore, the debt arising out of [the plaintiff's] fall does not fit within section 523(a)(6)."); *Carmelo v. Mickletz (In re Mickletz)*, 544 B.R. 804, 822-23 (Bankr. E.D. Pa. 2016) (acknowledging the split of authority and collecting cases before relying primarily on the reasoning of *In re Walker* and "agree[ing] with the majority of cases that hold that the failure to obtain or maintain worker's compensation insurance is not a willful and malicious injury that is excepted from discharge"). As noted by this Court, citing *In re Markowitz* and the same First Circuit decision, "Willfulness cannot be proved by showing that the debtor should have known his decisions and actions put the plaintiffs at risk." *Tomlin v. Crownover (In re Crownover)*, 417 B.R. 45, 57 (Bankr. E.D. Tenn. 2009).

Thus, as a matter of law, even taking the allegations in a light most favorable to Plaintiff, the Court concludes that he has failed to plead facts sufficient to prove that his injury was caused by Defendant's willful and malicious conduct in failing to provide workers' compensation insurance as those terms are defined by the Sixth Circuit for the purposes of nondischargeability under § 523(a)(6).

## IV.  ORDER

Taking the allegations of the Complaint as true and considering it in the light most favorable to Plaintiff, as required by Rule 12(b)(6), the Court directs the following:

1. With respect to Count III, alleging a cause of action under 11 U.S.C. § 523(a)(4), the Motion to Dismiss is GRANTED, and Count III of the Complaint is DISMISSED.

2. With respect to Count IV, alleging a cause of action under 11 U.S.C. § 523(a)(6), the Motion to Dismiss is GRANTED, and Count IV of the Complaint is DISMISSED.

# # #

Case 3:20-ap-03023-SHB    Doc 15    Filed 08/27/20    Entered 08/27/20 14:27:47    Desc
Main Document    Page 13 of 13