IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

In re Steven R. Standifer,
    Debtor.

Case No. 3:20-bk-30270-SHB
Chapter 7

Carl Matthew Rice,
    Plaintiff,

v.

Adv. Proc. No. 3:20-ap-03023-SHB

Steven R. Standifer,
    Defendant.

## ANSWER OF DEFENDANT

**COMES NOW** Steven R. Standifer, Defendant (hereinafter the "Defendant"), by and through counsel submits his Answer to the Plaintiffs' Complaint:

1.    The allegations of paragraph 1 of the Complaint are admitted.

2.    The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint. As a result, said allegations are denied and strict proof is demanded thereof.

3.    The allegations of paragraph 3 of the Complaint are admitted.

4.    The allegations of paragraph 4 of the Complaint are admitted.

5.    The allegations of paragraph 5 of the Complaint are admitted.

6.    The allegations of paragraph 6 of the Complaint are admitted.

7.    The allegations of paragraph 7 of the Complaint are denied as written. The Defendant's testimony speaks for itself. The remaining allegations contained in paragraph 7 of the Complaint are denied and strict proof is demanded thereof.

1

8. The allegations of paragraph 8 of the Complaint are denied.

9. The Defendant incorporates by reference his responses to allegations 1-8 above.

10. The allegations contained in paragraph 10 of the Complaint are denied.

11. The Defendant incorporates by reference his responses to allegations 1-10 above.

12. The allegations contained in paragraph 12 of the Complaint are denied.

13. The allegations contained in paragraph 13 of the Complaint are denied.

14. The allegations contained in paragraph 14 of the Complaint are denied.

15. The allegations contained in paragraph 15 of the Complaint are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. The claims mentioned in paragraph 17 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 17 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

18. The claims mentioned in paragraph 18 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 18 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

19. The claims mentioned in paragraph 19 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 19 contains any factual

allegations, those allegations are denied and strict proof is demanded thereof.

20. The claims mentioned in paragraph 20 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 20 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

21. The claims mentioned in paragraph 21 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 21 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

22. The claims mentioned in paragraph 22 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 22 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

23. The claims mentioned in paragraph 23 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 23 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

24. The claims mentioned in paragraph 24 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 24 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

25. The claims mentioned in paragraph 25 of the Complaint were dismissed by

order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 25 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

26.   The claims mentioned in paragraph 26 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 26 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

27.   The claims mentioned in paragraph 27 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 27 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

28.   The claims mentioned in paragraph 28 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 28 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

29.   The claims mentioned in paragraph 29 of the Complaint were dismissed by order of the United States Bankruptcy Court for the Eastern District of Tennessee on August 27, 2020 [Doc.15]. To the extent that paragraph 29 contains any factual allegations, those allegations are denied and strict proof is demanded thereof.

30.   All allegations of the Complaint not admitted, qualified, or denied, are hereby denied.

31.   For the first affirmative defense, the Plaintiff's Complaint has failed to state

claim upon which relief may be granted.

32. The Defendant reserves the right to amend this Answer to assert additional affirmative defenses after engaging in discovery as permitted by the Federal Rules of Civil Procedure.

                Respectfully submitted,

                */s/ Ryan E. Jarrard*
                Ryan E. Jarrard, Esquire
                BPR No. 024525
                Attorney for Debtor
                **Quist, Fitzpatrick & Jarrard PLLC**
                2121 First Tennessee Plaza
                800 South Gay Street
                Knoxville, TN 37929-9711
                (865) 524-1873
                rej@qcflaw.com
                mhf@qcflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **8th of September 2020**, a copy of the foregoing **Answer,** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Maurice Guinn
Via ECF

                */s/ **Ryan E. Jarrard***
                Ryan E. Jarrard, BPR 024525