

**SO ORDERED.**
**SIGNED this 6th day of May, 2021**

Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

___

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

In re

STEVEN ROBERT STANDIFER
aka STEVE STANDIFER

Debtor

Case No. 3:20-bk-30270-SHB
Chapter 7

CARL MATTHEW RICE

Plaintiff

v.

STEVEN R. STANDIFER

Defendant

Adv. Proc. No. 3:20-ap-3023-SHB

## O R D E R

The Court held a status conference on May 6, 2021, at which the parties expressed their desire to continue the trial date and engage in mediation. Based on counsels' representations, the Court finds that this case is suitable for mediation and that the trial date should be continued. Because consideration of settlement is a serious matter requiring thorough preparation by the

parties and their counsel prior to the mediation, the Court directs the following:

1. This case is referred to mediation. No later than May 20, 2021, the parties shall select a mediator approved under Local Rule 16.4(k) of the United States District Court for the Eastern District of Tennessee[1] (or arrange for a sitting bankruptcy judge to act as mediator) and schedule a mediation, which shall be held no later than June 11, 2021.

2. No later than May 21, 2021, Plaintiff's counsel shall submit a written itemization of damages and settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven days before the mediation, Defendant's counsel shall submit a written offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate. Sometimes, such a process will lead directly to a settlement. If settlement is not achieved, however, Plaintiff's counsel shall deliver or fax copies of all letters to the mediator no later than five business days before the mediation (or at such time as the mediator may request). Such settlement letters shall NOT be filed on the docket.

3. Parties with full and complete settlement authority are required to personally attend the conference or attend virtually due to COVID-19 restrictions and protocols. Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances, which must be approved in advance by the mediator. The Court expects both the lawyers and the parties to be fully prepared to participate. The Court encourages all parties to keep an open mind to re-assess their previous positions and to discover creative means for resolving the dispute.

4. The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party

---

[1] The list of approved mediators may be found at https://www.tned.uscourts.gov/mediators.

during the mediation conference are not to be used in discovery and will not be admissible at trial.

    5.  The parties should be prepared to discuss the following at the mediation:

        a.  What are your goals in the litigation and what problems would you like to address in the mediation? What do you understand are the opposing side's goals?

        b.  What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

        c.  Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

        d.  What are the factual and legal points of agreement and disagreement between the parties?

        e.  What are the financial, emotional, and legal impediments to settlement?

        f.  Does settlement or further litigation better enable you to accomplish your goals?

        g.  Are there possibilities for a creative resolution of the dispute?

        h.  Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

        i.  Are there any other interested parties who should be invited to participate in the mediation?

    6.  Within seven days following the conclusion of the mediation, Plaintiff shall obtain from the mediator and file a Mediation Report on the form utilized by the United States District Court, available at https://www.tned.uscourts.gov/forms/mediator-report, indicating whether all required parties were present. The report should also indicate: (a) whether the case settled; (b) whether the mediation was continued with the consent of the parties; or (c) whether the mediation was terminated without a settlement. No other information shall appear on the Mediation Report, nor,

without the consent of all parties, shall any other or additional report or communication regarding the status of the mediation be provided to the Court.

7. All communications and proceedings during and directly related to a mediation session are completely confidential, are privileged from any discovery, and are barred from use or admission in evidence in connection with any motions, at trial, or in other proceedings. No warrant, subpoena, summons, motion, discovery paper, or court or dispute resolution proceeding may be served at or near the location of the mediation session on any person entering, leaving, or attending any mediation session.

8. Counsel for the parties shall provide a copy of this Order to and discuss each provision of the Order with each of the parties within twenty-one days of entry of this Order.

9, The trial of this adversary proceeding is CONTINUED to August 11, 2021, at 9:00 a.m., in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee.

10. All unexpired deadlines detailed in the Pretrial Order entered on October 26, 2020 [Doc. 22], shall remain in effect.

###