IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| In re | : | |
| | : | |
| **STEVEN R. STANDIFER** | : | Case No. 3:20-bk-30270-SHB |
| | : | Chapter 7 |
| Debtor | : | |

| | | |
|---|---|---|
| **CARL MATTHEW RICE** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Adv. Proc. No. 3:20-ap-03023-SHB |
| | : | |
| **STEVEN R. STANDIFER** | : | |
| | : | |
| Defendant | : | |

## AMENDED COMPLAINT

Pursuant to 11 U.S.C. § 727(a)(2) and (4), Carl Matthew Rice ("Rice") objects to the discharge of debtor Steven R. Standifer ("Standifer"). In support of his Amended Complaint, Rice alleges and represents:

(1)   This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 and the July 12, 1984 Standing Order of the United States District Court for the Eastern District of Tennessee, entitled Reference of Matters to the Bankruptcy Court. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

(2)   Rice is an adult residing at 1800 Warrensburg Road, Greeneville, TN 37743.

(3)    Standifer may be served with a copy of the Amended Complaint by first class mail to the address on his Voluntary Petition, 617 Grandeur Drive, Talbott, Tennessee 37877.

(4)    Between Fall 2010 and June 2012, Rice worked at Cherokee Lumber & Dimension, LLC ("Cherokee").  Cherokee was a wood processing plant.

(5)    On April 9, 2012, Rice was directed to assist in the repair of the dust removal/ventilation system at Cherokee.

(6)    On April 9, 2012, Rice was seriously injured while assisting in the repair of the dust removal/ventilation system at Cherokee.  The injury occurred when a machine which was improperly maintained malfunctioned.  Parts of Rice's left hand were severed and his wrist was broken.

(7)    Standifer was the owner of Cherokee, which ceased doing business in June 2012.

(8)    Cherokee and Standifer failed to maintain workers' compensation coverage required under Tennessee law prior to and as of Rice's April 9, 2012, injury date.

(9)    On February 22, 2016, Judgment in the amount of $1,450,000.00 was entered in the Circuit Court for Jefferson County, Tennessee, in favor of Rice and against Standifer and Cherokee.

(10)    On February 14, 2019, Standifer and Peggy F. Standifer acquired title to the property known as 617 Grandeur Drive, Talbott, Tennessee (the "Property").  Standifer and Peggy F. Standifer had been living in the Property for five (5) years prior to their purchase.

(11)    The purchase price for the Property was $160,000.00.  Standifer paid $131,207.28 cash at closing for the Property.  The balance of the purchase price was financed by the sellers (Julian and Marianne Avent), who accepted a Promissory Note for $30,000.00 secured by the Property.

(12)    On January 29, 2020, Standifer filed his Voluntary Petition Under Chapter 7.

(13)  In the 90-day period preceding his bankruptcy filing date, the following payments were made to creditors from Standifer's First Peoples Bank checking account:

| Check No. | Check Payment Date | Amount | Purpose | Payee |
| --- | --- | --- | --- | --- |
| 586 | 11/05/19 | $10,000.00 | Construction Materials | Tony Moyers |
| 592 | 11/27/19 | 25,000.00 | Tony Moyers | Tony Moyers |
| 506 | 12/13/19 | 11,865,00 | "House" | Tony Moyers |
| 508 | 12/23/19 | 4,631.50 | Roof Metal | East Tennessee Metals |
| 509 | 12/26/19 | 5,970.00 | Roofing | Luis Gallardo |
| 511 | 12/27/19 | 4,800.00 | Labor on Siding | Cash |
| 516 | 01/03/20 | 1,814.00 | Garage Door | Duke's Garage Doors |
| 517 | 01/13/20 | 1,665.00 | Gutters | Johnny W. Denton |
| 518 | 01/13/20 | 2,080.00 | Stonework | Eric Heidel |
| 521 | 01/21/20 | 1,700.00 | Siding | Brian _____ |
| 523 | 01/22/20 | 6,500.00 | Driveways/Garage | Tony Moyers |
| 525 | 01/31/20 | 1,814.00 | Garage Door | Duke's Garage Doors |

(14)  Standifer testified at the May 12, 2020 adjourned meeting of creditors that: (a) the money to purchase the Property came from his earnings since 2013; (b) $65,207.00 of the cash paid for the Property came from a Regions Bank account (xxxx 3406), which was in his wife's name only; (c) the source of the funds deposited to the Regions account was his income, which had been deposited to the Regions account "maybe beginning in late 2014"; and (d) his wife may have mistakenly set up the Regions account in her name only.

3

(15)    The Regions account (xxxx 3406) is not solely in Standifer's wife's name; Standifer is a joint owner of the account.

## COUNT I

(16)    Rice incorporates by reference the allegations of paragraphs (1) through (15) of the Complaint.

(17)    With intent to hinder, delay or defraud Rice, Standifer transferred $131,207.28 from the Regions account (xxxx 3406) and a First Peoples Bank account to acquire the Property, within one year before the filing of the Petition.

(18)    With intent to hinder, delay or defraud Rice, within 90 days prior to his bankruptcy filing date, Standifer permitted the transfer of $77,839.00 from the First Peoples Bank checking account to make improvements to the Property.

## COUNT II

(19)    Rice incorporates by reference the allegations of paragraph (1) through (10) of the Complaint.

(20)    Standifer knowingly and fraudulently made a false oath or account in his bankruptcy case.

(21)    Standifer under-valued his interest in the Property by valuing his interest at $0.00 both in his original Schedule A/B and in two Amendments of Schedule A/B (Doc 37 and Doc 41).

(22)    Standifer failed to list the Regions account (xxxx 3406) on his Schedule A/B filed on 1/29/20.  Standifer also failed to disclose his interest in the Regions account in his amended Schedule A/B (Doc 37) filed on 5/12/20.  Standifer's Notice of Amendment (Doc 42), filed on 5/20/20, says: "Schedule A/B is being amended to show the debtor may have an interest is [sic] a Regions savings account that is owned primarily by the Debtor's non-filing spouse."

(23) Standifer falsely testified under oath at the May 12, 2020, adjourned meeting of creditors that the Regions account (xxxx 3406) from which $65,207.00 was withdrawn was solely his wife's account.

(24) Standifer made a false oath in his Statement of Financial Affairs by failing to disclose three of the payments to Tony Moyers listed in paragraph (13) of the Amended Complaint, in response to Question 6 about payments in the 90 days preceding the filing date. Standifer disclosed only the $25,000.00 payment to Tony Moyers in the Statement of Financial Affairs.

(25) Standifer made a false oath in his Statement of Financial Affairs by answering "No" to Question 18. Other than in the ordinary course of his business or financial affairs, Standifer paid $131,207.00 at closing for the Property on February 14, 2019.

WHEREFORE, Rice requests the following relief:

(1) That the Court deny Standifer a discharge, pursuant to 11 U.S.C. § 727(a)(2) and/or (4).

(2) That the costs of this proceeding be taxed to Standifer.

(3) That Rice have such other and further relief to which he may be entitled.

By: */s/ Maurice K. Guinn*
Maurice K. Guinn (BPR # 000366)
Gentry, Tipton & McLemore, P.C.
P.O. Box 1990
Knoxville, Tennessee 37901
(865) 525-5300
mkg@tennlaw.com
Attorneys for Carl Matthew Rice

*MKG/bd:Pleadings – 9296 Amended Complaint – Rice v. Standifer 06-09-2021*